IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**COAST EQUITIES, LLC**,

        Plaintiff,

    v.

**RIGHT BUY PROPERTIES, LLC;
INVESTUS (MICHIGAN) LLC; EXIT
STRATEGY APRIL 13, LLC; EXIT
STRATEGY AUGUST 12, LLC; EXIT
STRATEGY DECEMBER 12, LLC; EXIT
STRATEGY FEBRUARY 13, LLC; EXIT
STRATEGY JANUARY 13, LLC; EXIT
STRATEGY JUNE 13, LLC; EXIT
STRATEGY MARCH 13, LLC; EXIT
STRATEGY MAY 13, LLC; EXIT
STRATEGY NOVEMBER 12, LLC; EXIT
STRATEGY SEPTEMBER 12, LLC; EXIT
STRATEGY DECEMBER 13, LLC;
RONALD MACKIE; MARTIN GREER;
STEVE GREER;** and **JOHN J. GRACE**,

        Defendants.

No. 3:14-cv-01076-ST

OPINION AND ORDER

**MOSMAN, J.**,

On July 3, 2014, Plaintiff Coast Equities, LLC ("Coast Equities") filed an action seeking damages for one claim of breach of contract and one claim of fraud. Coast Equities alleged that Defendants breached a Purchase and Sale Agreement ("PSA") covering real estate in Florida by failing to cure or remove certain unacceptable title defects and by attempting to substitute other properties for those with title defects. Additionally, Coast Equities alleged that Defendants

1 – OPINION AND ORDER

fraudulently misrepresented the condition of the properties and the status of municipal liens against the properties. Each Defendant eventually filed a motion to dismiss for lack of personal jurisdiction and improper venue.

On February 18, 2015, Magistrate Judge Stewart issued her Findings and Recommendation [89] ("F&R") with regards to Defendants Right Buy Properties, LLC ("RBP"), Ronald Mackie ("Mackie"), Investus (Michigan) LLC ("Investus") and the Exit Strategy LLCs' Motions to Dismiss for Lack of Jurisdiction [44 and 77]. Judge Stewart determined that each defendant lacked sufficient contacts with the state of Oregon to give rise to personal jurisdiction and that Oregon was an improper venue for Coast Equities's claims to proceed. She recommended that I grant both motions and enter judgment dismissing this case.

On March 4, 2015, Coast Equities filed objections to the F&R. Coast Equities identifies what it believes to be ten substantial errors in the F&R's personal jurisdiction analysis, as well as several errors with the F&R's venue analysis. I am not persuaded by Coast Equities's arguments regarding personal jurisdiction. I adopt the F&R as my own, and grant both Motions to Dismiss for Lack of Jurisdiction.

## LEGAL STANDARDS

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

2 – OPINION AND ORDER

(9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F2d 1357, 1361 (9th Cir. 1990)). In ruling on the jurisdictional issue, the court may consider evidence presented in affidavits and may order discovery on jurisdictional issues. *Doe v. Unocal Corp.*, 248 F3d 915, 922 (9th Cir. 2001) (citing *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F2d 1280, 1285 (9th Cir. 1977)). Where, as here, the court has not held an evidentiary hearing, the plaintiff need only submit evidence that supports a prima facie case of personal jurisdiction over the defendant. *Ballard v. Savage*, 65 F3d 1495, 1498 (9th Cir. 1995) (citations omitted).

The Ninth Circuit has established a three-pronged test for determining whether the exercise of specific personal jurisdiction over a non-resident defendant is appropriate:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F3d at 802 (quoting *Lake v. Lake*, 817 F2d 1416, 1421 (9th Cir. 1987)).

3 – OPINION AND ORDER

# DISCUSSION

## I.      Personal Jurisdiction over Investus or the Exit Strategy LLCs

Coast Equities did not object to Judge Stewart's conclusion that it had wholly failed to establish personal jurisdiction over Investus or the Exit Strategy LLCs. I therefore adopt this portion of the F&R as my own. Investus and the Exit Strategy LLCs are dismissed as defendants in this action due to Coast Equities's failure to establish personal jurisdiction.

## II.     Personal Jurisdiction over Mackie or RBP

Coast Equities argues that Judge Stewart erred in finding that neither Mackie nor RBP—through Mackie as its Founding Director—purposefully availed themselves of the privilege of doing business in Oregon, or purposefully directed their activities at Oregon. I do not find either of these objections sufficiently persuasive to justify exercising personal jurisdiction over Mackie or RBP.

### A.     *Purposeful Availment*

Coast Equities objects to Judge Stewart's purposeful availment analysis on the basis that she failed to: (1) give the proper weight to the number of communications between Mackie and Martin Hudler (Coast Equities's Manager and an Oregon resident), and (2) recognize that substantial harm from Mackie and RBP's breach would be felt in Oregon.

With regards to communications between the parties, Judge Stewart determined that under Ninth Circuit precedent only communications prior to the scheduled closing date of April 23, 2014, should be considered in determining personal jurisdiction. *See Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.3d 911, 913 (9th Cir. 1990). Coast Equities appears to implicitly object to this holding by referencing numerous communications post-April 23, 2014, in its objections. However, Coast Equities fails to provide any actual legal authority to suggest

Judge Stewart erred in ignoring those communications. I therefore adopt Judge Stewart's holding that only pre-April 23, 2014 communications between the parties are relevant to the personal jurisdiction analysis.

The records submitted by Coast Equities establish that during the relevant period Mackie contacted Hudler five times via telephone and nine times via email. Coast Equities argues that these communications involved extensive negotiations relating to the PSA, and therefore establish purposeful availment. However, Coast Equities provides no evidence of what was discussed in the phone calls, and the emails submitted appear to focus on whether the deal was going to close rather than on negotiating the terms of the deal. The Supreme Court has held, "If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). On the record available to the court, the communications Coast Equities points to merely establish that there was a contract between the Defendants and an Oregon resident. Under *Burger King*, the existence of this contract alone cannot establish the minimum contacts necessary for personal jurisdiction.

Coast Equities also argues that because the harm from the breach would be felt in Oregon, this should bolster its purposeful availment argument. Coast Equities cites *Resorts Marketing v. Zuckerman* for the proposition that personal jurisdiction is appropriate where substantial harm from a breach of contract would be felt in Oregon. 52 Or. App. 589 (1981). Coast Equities, however, has failed to meet this standard. At best, Coast Equities has shown that some harm from the breach would be felt in Oregon; it has not shown that substantial harm would be felt in Oregon. As Judge Stewart pointed out in her F&R, Coast Equities has provided

5 – OPINION AND ORDER

scant evidence of where the economic harm from the breach would be felt. Coast Equities merely asserts that its members include limited liability companies in Oregon and Nevada who respectively are citizens of Oregon and California. Pl.'s Corporate Disclosure [88] at 2; Complaint [1] at ¶2. Coast Equities fails to prove the actual interest held by any Oregon limited liability company or Oregon citizen. On the record before the court, it is possible that no substantial harm would be felt in Oregon, but rather all the substantial harm would be felt in California. Coast Equities could have cured this error by including the ownership stakes of Oregon residents in its objections to the F&R. By failing to do so, Coast Equities has failed to show that substantial harm was likely to occur in Oregon as a result of the alleged breach.

By failing to prove that the communications between Mackie and Hudler involved negotiations of the PSA's terms and that substantial harm from the breach would likely be felt in Oregon, Coast Equities has failed to make a prima facie case that Mackie and RBP purposefully availed themselves of the of the benefits and protections of Oregon law. Therefore, Coast Equities's purposeful availment theory fails as a basis for this court to exercise personal jurisdiction over Mackie and RBP.

### B.    *Purposeful Direction*

Coast Equities objects to Judge Stewart's purposeful direction analysis. The purposeful direction requirement is satisfied where the defendant is alleged to have committed an intentional act expressly aimed at the forum state and causing harm that the defendant knows is likely to be suffered in the forum state. *Dole Food Co., Inc. v.* Watts, 303 F.3d 1104, 1111 (9th Cir. 2002). Coast Equities fails to satisfy this test because it fails to draw a connection between Mackie's communications with Oregon and the alleged harm it suffered. Coast Equities's Complaint merely states, "During Plaintiff's due diligence review of the Properties, Defendants

6 – OPINION AND ORDER

misrepresented the costs of improvements necessary for the subject properties to be habitable." Pl.'s Compl. [1] at ¶13. As discussed above, Coast Equities fails to present any evidence of the content of the five phone calls Mackie made to Hudler. The nine emails Mackie sent to Hudler lack any of the misrepresentations Coast Equities claims were made regarding the underlying properties. Thus, the alleged phone calls and emails in this case appear to be unrelated to the substance of Coast Equities's Complaint. Based on the record before the court, it cannot be said that Mackie directed these communications at Oregon with the knowledge that they would likely result in harm in Oregon. Coast Equities purposeful direction theory therefore also fails as a basis for personal jurisdiction.

### III.    Remaining Objections

Coast Equities also objects to Judge Stewart's analysis regarding the third prong of the *Lake* test for personal jurisdiction, and her analysis regarding venue. Because I have found that Coast Equities has failed to prove a basis for personal jurisdiction, it is not necessary to resolve these objections.

### CONCLUSION

For the reasons discussed above, Defendants Right Buy Properties, LLC and Ronald Mackies's Motion to Dismiss for Lack of Jurisdiction [44], and Defendants Investus (Michigan) LLC and the Exit Strategy LLCs' Motion to Dismiss for Lack of Jurisdiction [77] are GRANTED. Coast Equities claims are dismissed for failure to establish personal jurisdiction.

IT IS SO ORDERED.

DATED this 31st day of March, 2015.

/s/Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

7 – OPINION AND ORDER